IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gaylan Flottemesch, Plaintiff, v. Hannah Pressley, Defendant. | Case No. 6:25-cv-05705-JDA **OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge and on Plaintiff's motion to expedite proceedings. [Docs. 13; 20.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On July 24, 2025, the Magistrate Judge issued the Report, recommending that the action be summarily dismissed with prejudice, without leave to amend, and without issuance and service of process. [Doc. 13.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. [*Id.* at 8.] On August 26, 2025, the Clerk docketed Plaintiff's objections to the Report. [Doc. 18.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge recommends dismissing this action for several reasons: because the allegations are duplicative of a prior action filed by Plaintiff; the Complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); Defendant is entitled to prosecutorial immunity; and Plaintiff's Fourth Amendment claim fails to state a claim on which relief may be granted. [Doc. 13.] In her objections, Plaintiff argues that she did not enter a guilty plea and, instead, entered a plea of no contest; reiterates the allegations in her Complaint; and makes other arguments that do not specifically address the Report's findings and recommendations. [Doc. 18.] However, nothing in her objections impacts the Report's analysis and conclusion that this action should be dismissed for the reasons stated by the Magistrate Judge.

Having conducted a de novo review of the Report, the record, and the applicable law, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference to the extent consistent with this Opinion and Order. Accordingly, this action is DISMISSED with prejudice,[*] without leave to amend, and

[*] To the extent Plaintiff's claims are dismissed pursuant to *Heck*, 512 U.S. 477, they are dismissed without prejudice.

without issuance and service of process. As such, Plaintiff's motion to expedite proceedings [Doc. 20] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 16, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.